**EXHIBIT A**

**STATE OF MAINE**
**CUMBERLAND, ss.**

**SUPERIOR COURT**
**CIVIL ACTION**
**DOCKET NO. CV**

JODY BOOTHBY of Lyman, County of York, and State of Maine,

Plaintiff,

v.

WAL-MART STORES EAST, LP d/b/a WAL-MART, a Delaware Limited Partnership doing business in the state of Maine,

Defendant.

**COMPLAINT**

**NOW COMES** the Plaintiff, Jody Boothby (hereinafter "Plaintiff"), by and through undersigned counsel, GARMEY LAW, and complains against the Defendant Wal-Mart Stores East, LP d/b/a Wal-Mart (hereinafter "Defendant"), as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. At all times material hereto, Plaintiff was and continues to be a natural person, resident, and citizen of the Town of Lyman, County of York, and State of Maine.

2. At all times material hereto, Defendant Wal-Mart Stores East, LP d/b/a Wal-Mart was and continues to be a Limited Partnership organized under the laws of Delaware and licensed to do business in the State of Maine.

3. The Court has jurisdiction over this action pursuant to 4 M.R.S.A. § 105.

4. Venue is proper in accordance with 14 M.R.S.A. § 501 because the controversy arises in Cumberland County.

**COUNT 1: NEGLIGENCE**

5. Plaintiff repeats and realleges the allegations in the above paragraph as if set forth fully herein.

6. Defendant owns and operates a Wal-Mart store in Windham, Maine (hereinafter "Wal-Mart Store").

7. On or about January 5, 2020, Defendant sold goods and products in the State of Maine at their Windham location.

8. Defendant expected its customers to park in and traverse its adjacent parking lot in order to access its entrance.

9. On or about January 5, 2020, Defendant failed to maintain, monitor, or inspect its parking lot to ensure that it was safe and free from wintry conditions, including ice and snow.

10. On or about January 5, 2020, Plaintiff exited her vehicle parked in Defendant's parking lot with the intention of purchasing goods and products at Defendant's store.

11. Plaintiff slipped on ice in the parking lot and was severely injured.

12. Defendant owed a duty to Plaintiff to provide a reasonably safe premises, including a parking lot.

13. Defendant breaches its duty to Plaintiff, including but not only by:

a. Failing to ensure the parking lot was free and clear of all hazards and obstructions, including ice;

b. Failing to ensure the parking lot was maintained, including with the use of sand and salt on ice;

c. Failing to inspect the parking lot to ensure that it was clear of all hazards; and

d. Failing to ensure the parking lot was safe by warning customers of the presence of ice.

14. As a consequence of the breach in duty, Defendant proximately and actually caused Plaintiff's injuries.

15. As a result of Defendant's negligent, careless, and/or reckless actions, Plaintiff has suffered damages including past and future physical injuries, lost wages, mental anguish, pain and suffering, and loss of enjoyment of life; she has incurred and will continue to incur medical expenses; and she is permanently impaired.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages which this Court deems reasonable together with interest and costs.

Dated this 14 day of December, 2025.

*<u>/s/Kendi Dykema</u>*
Kendi Dykema, Esq., Bar No. 11161
*Attorney for Plaintiff*
kdykema@garmeylaw.com

GARMEY LAW
482 Congress Street, Suite 402
Portland, Maine 04101
Tel: (207) 899-4644
Fax: (207) 541-9242